(66 South. 387)

No. 20785.

BOAGNI v. SCHELL.

In re DART et al.

(Oct. 19, 1914. Rehearing Denied Nov. 16, 1914.)

*(Syllabus by Editorial Staff.)*

1. APPEAL AND ERROR ⬷➾860—REVIEW — NATURE OF QUESTION.

Where a case is presented to the appellate court as if on exception of no cause of action, the allegations in the petition are to be taken as true, and are alone to be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3436–3438; Dec. Dig. § 860.]

2. IMPROVEMENTS ⬷➾4—COMPENSATION—RECOVERY—THIRD POSSESSORS.

Where a general manager of an irrigation company bought land individually, subject to a vendor's lien, and the corporation improved the land by digging a canal thereon, on the understanding that the manager would make title, the company cannot, as a third possessor in foreclosure against the manager, claim compensation for the improvement, as the canal was inseparable from the soil, and the company possessed no title (Civ. Code, arts. 503, 3451).

[Ed. Note.—For other cases, see Improvements, Cent. Dig. §§ 4, 7–26; Dec. Dig. ⬷➾4.]

Action by Dr. Charles F. Boagni against J. F. Schell. Applications for writs of mandamus and prohibition by H. P. Dart and William ·Edenborn, third opponents. Order nisi recalled.

Foster, Milling, Brian & Saal, of Franklin, and John W. Lewis and R. Lee Garland, both of Opelousas, for relators. Judge B. H. Pavy, of Opelousas, in pro. per.

PROVOSTY, J. The Union Irrigation Company was organized for the purpose of constructing and operating a canal for the irrigation of lands for the cultivation of rice.

J. Franklin Schell, the defendant in the main proceeding in this case, was its general manager, and in that capacity had "complete control over its operating affairs." In No-

136 LA.—2

vember, 1912, he individually bought certain lands from Dr. Charles F. Boagni, the plaintiff in the main proceeding in this case. The purchase was made on a credit, and a vendor's privilege was retained, and a mortgage stipulated, on said lands to secure this credit. A few months thereafter, the said company, acting through him, its general manager, went into possession of said lands, under an understanding with him that he would make it title, and it dug across said lands a canal 40 feet in width and ranging from 6 to 8 feet in depth, connecting with the drainage canal of one of the public drainage districts; and furthermore, at an expense of $30,000, it widened and deepened the canal of the said public drainage district so as to make it effective in carrying off the waters of the said lands, converting said lands from swamp ·to cultivable lands, and increasing their value to an amount of $5,-000. The said understanding is not alleged to have been in writing; and the inference would be that it was merely oral. These improvements were thus made "to the knowledge and with the acquiescence of Dr. Boagni."

In July, 1914, Dr. Boagni instituted suit against Schell to foreclose his said mortgage and vendor's privilege, and caused said lands to be seized and advertised for sale.

The Union Irrigation Company, through its receivers, who, in the meantime, had been appointed to take charge of its affairs, sought to intervene in said suit, by way of third opposition, to claim, by preference over the seizing creditor, out of the proceeds of the said sale, the said increased value of said property; and it presented a petition to the learned respondent judge, asking that the sheriff be ordered to retain, out of the proceeds of said sale, an amount sufficient to satisfy said claim.

The learned respondent judge refused to make this order, and the said receivers, re-

lators herein, instituted in this court the present mandamus proceeding to compel him to do so.

The reason assigned by our learned brother for his said refusal is that a third possessor is not entitled to compensation for his improvements when they are in their nature inseparable from the soil, such as canals, as in the present case, unless he possessed in good faith; and that, in the present case, the Union Irrigation Company was not in good faith, since it had no title, but only an "understanding" that a title would be given; that, even if the said "understanding" could be judicially established by legal proof, it could avail nothing, since it would purport to be a contract entered into by Schell, as general manager of the corporation, with himself individually, and therefore of no effect, such a thing not being legally possible as that the agent of a corporation should, as such, enter into a contract with himself individually; and finally that a third possessor's claim for increased value is primed by the vendor's privilege.

[1] The case is presented as if on exception of no cause of action. That is to say, for disposing of it the allegations of the petition presented to our learned brother below are to be taken for true, and are alone to be considered; in other words, no facts not alleged are to be considered. This being so, the fact, if fact it be, that the alleged "understanding" was never anything more than a mere intention on the part of Schell—was never an agreement between him and the other representatives of the company—is not to be taken into consideration, for it is not alleged. Whatever implication to that effect might arise from the allegation that Schell had "complete control over the operating affairs of the company" is overcome by the allegation of the existence of an "understanding," which would necessarily imply that there were more than one person participating. At all events, while the vague-

ness of the allegation of the manner in which the alleged contract was entered into might have been good ground for requiring greater definiteness or particularity of allegation, it was not good ground, we think, for denying any relief altogether.

[2] Even assuming, however, that the other officers of the company participated with Schell in this understanding, we are of opinion, with our learned brother, that, for improvements inseparable from the soil, the third possessor cannot claim compensation unless he possessed in good faith (Gibson v. Hutchins & Vaughan, 12 La. Ann. 545, 68 Am. Dec. 772), and that he cannot qualify as a possessor in good faith unless he possessed by virtue of a title (C. C. 503, 3451), whereas the Union Irrigation Company in this case does not even pretend to have had a title, but at most only the hope, or vague expectation, of one.

The order nisi herein is recalled at the cost of the relators.

O'NIELL, J., concurs in the decree.