## No. ——
### First Circuit Appeal

## THE CROWELL SPENCER LUMBER CO. v. HAMP LYNCH

(May 5, 1925, Opinion and Decree)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Possession—Par. 12. A possessor in good faith is one who has just reason to believe himself master of the thing which he possesses though he be not so in fact.

2. Louisiana Digest—Possession—Par. 14. A verbal promise of sale of real estate is not sufficient reason to make the possessor one in good faith. He is merely a possessor in bad faith.

3. Louisiana Digest—Possession—Par. 19. A possessor in bad faith has the right to remove the improvements which he has placed on the land.

Appeal from the Parish of Vernon. Hon. Hal. A. Burgess, Judge.

This is a petitory action to recover ownership of land.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

White, Holoman & White, of Alexandria, attorneys for plaintiff, appellee.

S. I. Foster, of Leesville, attorney for defendant, appellant.

LECHE, J. This is a petitory action in which plaintiff seeks to recover the ownership of certain lands situated in the parish of Vernon. The defendant does not dispute the title of plaintiff, but he demands that plaintiff be condemned to pay him before being dispossessed; one thousand dollars for the value of improvements which he has placed upon land. Plaintiff does not wish or elect to retain these improvements. The case is then resolved into the single issue whether defendant was a possessor in good faith.

Defendant claims that before erecting any building upon the land he had an interview with plaintiff's manager and that he was promised a sale of the property and was told to go ahead and build. He further claims, for that reason, that he is therefore a possessor in good faith.

This promise is absolutely denied by the agents and managers of plaintiff company and is not proved with certainty. Counsel for defendant, however, argues that it is highly improbable that defendant would have gone to the expense of putting up a building unless such promise had been made. But even conceding the reality of such a promise, we do not believe it would avail defendant.

A verbal promise of sale of an immovable is unenforceable. It is absolutely null in law. A possessor in good faith is one who has just reason to believe himself master of the thing which he possesses, although he be not so in fact.

Defendant does not claim that he ever believed himself owner of the property and he advances no just reason upon which such a belief could rest. The verbal promise which he alleges could certainly furnish no such reason, for he is conclusively presumed to know that it had no legal validity. He was therefore in legal bad faith. Boagin vs. Schell, 136 La. 33, par. 2, 66 South. 387.

The judgment appealed from gives him the right to remove his improvements and that is as much as he is entitled to.

That judgment should be affirmed and it is so ordered.